IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ALAN B. MORRISON,
2000 H St., N.W.
Washington, D.C. 20052

      *Plaintiff,*

  v.

UNITED STATES DEPARTMENT OF THE TREASURY,
1500 Pennsylvania Avenue, N.W.
Washington, D.C. 20220

      *Defendant.*

Civil Action No. _____

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

1.     Plaintiff, Professor Alan B. Morrison ("Morrison"), brings this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, against the Defendant, United States Department of the Treasury, to compel disclosure of a single record of substantial public interest – the National Security Agreement (the "NSA") entered into between the United States and Nippon Steel under which the United States allowed Nippon to merge with United States Steel.

2.     The NSA between Nippon Steel and United States Steel was the subject of a June 13, 2025, Presidential Document issued by President Donald Trump, P.D. 2025-11372, 90 Fed. Reg. 26185 (Jun. 20, 2025) and of lengthy press statements issued by Nippon Steel and U.S. Steel.

**Jurisdiction and Venue**

3.     This Court has subject matter jurisdiction under 5 U.S.C. §§ 552(a)(4)(B) and 552(a)(6)(C)(i).

4. Venue lies in this district under 5 U.S.C. § 552(a)(4)(B), which permits a plaintiff to bring an action under this statute in the United States District Court for the District of Columbia.

## Parties

5. Plaintiff Alan Morrison is a Professorial Lecturer of Law and the Associate Dean for Public Interest and Public Service Law at The George Washington University Law School. He teaches and writes extensively in the areas of constitutional and administrative law.

6. Defendant U.S. Department of the Treasury is an "agency" within the meaning of 5 U.S.C. § 552(f)(1) and is therefore subject to the FOIA. It has custody and control of the record requested by Professor Morrison.

## Factual Background

7. Nippon Steel announced its intention to acquire U.S. Steel in December, 2023. As now combined, the company is the second largest steel manufacturer in the world.

8. In late December 2024, the Committee on Foreign Investment in the United States (CFIUS), the panel charged with reviewing Nippon Steel's proposal, failed to reach a consensus on the acquisition proposal. President Joseph Biden subsequently issued an Executive Order on January 3, 2025, which ordered the companies to abandon the deal within 30 days. President Donald Trump later extended that deadline to June 18, 2025.

9. On April 7, 2025, President Trump issued a Presidential Memorandum which directed the CFIUS to conduct a *de novo* review of the proposal to assist him in determining how to proceed. CFIUS issued its recommendation on May 21, 2025.

10. On June 13, 2025, President Trump issued Presidential Document 2025-11372. That Document found credible evidence that Nippon Steel, if permitted to acquire U.S. Steel, might take action that threatens to impair the national security interests of the United States.

11. However, the President found that this threat can be mitigated if Nippon Steel, U.S. Steel, and the United States execute a national security agreement (NSA) that is materially consistent with the draft NSA submitted by the United States on June 13, 2025.

12. Nippon Steel and U.S. Steel completed their merger on or about June 18, 2025 and issued press releases which included extensive details of the NSA.

13. On July 15, 2025, Professor Morrison filed a FOIA request via email with the U.S. Department of the Treasury for "a copy of the (final) National Security Agreement entered into between the United States and Nippon and United States Steel."

14. By email dated in August 4, 2025, the Defendant acknowledged the request and assigned it number 2025-FOIA-02497. An attachment to that email asserted, without justification, that "unusual circumstances," as defined in 5 U.S.C. § 552(a)(6)(B)(iii), may make it necessary to extend the date by ten business days, by which it will make a determination on Professor Morrison's request.

15. As of the date of filing, the Defendant has not made a determination on Professor Morrison's request even with the ten additional business days. He has therefore exhausted his administrative remedies.

## Statutory Background

16. Absent a statutory exemption in 5 U.S.C. § 552(b), the FOIA requires federal agencies to disclose their records upon request by any person. 5 U.S.C. § 552(a)(3)(A).

17. The FOIA imposes on agencies a deadline of 20 business days to issue a determination after receiving a request. 5 U.S.C. § 552(a)(6)(A)(i).

18. An agency may extend that deadline for no more than 10 business days upon a showing of "unusual circumstances." 5 U.S.C. § 552(a)(6)(B)(i).

19. If an agency fails to make a timely determination on the request, the requester has exhausted their administrative remedies and may file suit in district court. 5 U.S.C. § 552(a)(4)(B).

## CLAIM

20. Plaintiff repeats and realleges paragraphs 1-19 as if they were fully set forth herein.

21. In his July 15, 2025, FOIA request, Professor Morrison properly sought records within the custody and control of the Defendant.

22. As of the date of filing, the Defendant has not made a determination on Professor Morrison's request.

23. Further, an agency may refuse to disclose a requested record only if it is subject to one of the exemptions in 5 U.S.C. § 552(b). The NSA requested by Professor Morrison is not exempt from disclosure.

24. Defendant wrongfully withheld the agency record Professor Morrison requested by failing to make a determination on his request within the statutorily prescribed time period, as required by 5 U.S.C. § 552(a)(6)(A), (B) and by continuing to withhold the non-exempt document responsive to his FOIA request.

25. Professor Morrison has therefore constructively exhausted his administrative remedies.

26. Accordingly, Professor Morrison is entitled to injunctive and declaratory relief requiring the Defendant to disclose the requested NSA to him.

### Prayer for Relief

WHEREFORE, Plaintiff respectfully requests that this Court:

(1) Issue a declaration that Professor Morrison is entitled to the immediate processing and disclosure of the requested record to him;

(2) Order Defendant to immediately process and disclose the responsive record to him;

(3) Provide for an expeditious determination of this action;

(4) Retain jurisdiction over this action to ensure that no agency records are wrongfully withheld;

(5) Award Plaintiff attorneys' fees and costs pursuant to 5 U.S.C. § 552(a)(4)(F)(i); and

(6) Grant any other such relief that this Court may deem just and proper.

Dated: August 28, 2025                                   Respectfully Submitted,


                                                         */s/ Jeffrey S. Gutman*
                                                         Jeffrey S. Gutman
                                                         Professor of Clinical Law
                                                         D.C. Bar No. 416954
                                                         jgutman@law.gwu.edu
                                                         Public Justice Advocacy Clinic
                                                         The George Washington University Law School
                                                         2000 G Street NW
                                                         Washington, DC 20052
                                                         (202) 994-5797